**Clifford KELLY, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 6521.

Court of Appeals of Alaska.

Oct. 8, 1982.

William Bixby, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Shannon D. Turner, Asst. Dist. Atty., Thomas Wardell, Dist. Atty., Kenai, and

Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION.

SINGLETON, Judge.

Clifford Kelly was convicted of two counts of assault in the fourth degree in violation of AS 11.41.230(a). Kelly assaulted his wife, Cheryl Kelly, and thereafter assaulted the state trooper responding to Cheryl Kelly's complaints. He argues one issue on appeal: that he was denied a jury that represents a fair cross-section of the community, in violation of the state[1] and federal[2] constitutions. The incidents in question took place in Ninilchik, Alaska, forty-five miles from Kenai, Alaska. Kelly, his wife, the state trooper involved, and all of the witnesses are residents of Ninilchik. The Ninilchik community includes a parish of the Russian Orthodox church. The membership is comprised of Caucasians of Russian descent. Kelly, his wife, and the trooper are not members of this church. The jury was empanelled from an area that did not include Ninilchik. No Caucasian member of the Russian Orthodox Church served on the jury. The trial court complied with Criminal Rule 18.1 in scheduling the trial for Kenai, since Kenai is the urban center nearest to the place where the crime was committed. The court also complied with Criminal Rule 24.1(b)(2), which would have required selection of the jury from a fifty-mile radius of Kenai. The court substituted a thirty-mile radius of Kenai, but made the finding required by the rule that selecting of jurors from the greater area would cause unreasonable transportation expenses. Kelly, nevertheless, contends that the application of Rule 24.1 in his case violates his rights under the state and federal constitutions because the jury selection procedure excluded all residents of Ninilchik and *a fortiori* all of the members of what he con-

1. Alaska Const. art. 1, § 11.

2. U.S. Const. amend. VI.

tends is a cognizable group, *i.e.* Caucasian members of the Russian Orthodox church who reside in Ninilchik. *See Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) (Duren's constitutional right to a jury drawn from a fair cross-section of the community violated by permitting women, on request, automatic exemption from jury service); *Tugatuk v. State*, 626 P.2d 95, 97–101 (Alaska 1981).

The trial court heard Kelly's offer of proof and concluded that Kelly had failed to meet his burden of proving the exclusion of a cognizable group. Specifically, the trial court concluded that Russian Orthodox parishes existed in both Kenai and Ninilchik, and were served by the same priest. The court held that defendant had failed to prove that whatever common attitudes, ideas, or experience which members of the Russian Orthodox church have would not be adequately represented by Kenai members of the church. On appeal defendant challenges this finding, contending that a majority of the members of the Kenai Russian Orthodox church are Alaska Natives while those in Ninilchik are Caucasians of Russian descent. The supreme court in *Tugatuk v. State,* set out the following definition for a cognizable group:

> A group to be 'cognizable' for present purposes must have a definite composition. That is, there must be some factor which defines and limits the group. A cognizable group is not one whose membership shifts from day to day or whose members can be arbitrarily selected. Secondly, the group must have cohesion. There must be a common thread which runs through the group, a basic similarity in attitudes or ideas or experience which is present in members of the group and which cannot be adequately represented if the group is excluded from the jury selection process. Finally, there must be a possibility that exclusion of the group will result in partiality or bias on the part of juries hearing cases in which group members are involved. That is, the group must have a community of interest which cannot be adequately protected by the rest of the populace.

626 P.2d at 100 n.7 (quoting *Hampton v. State,* 569 P.2d 138, 148 (Alaska 1977)). Kelly carried the burden of demonstrating that there were significant differences between the members of the Russian Orthodox parish in Ninilchik and the members of that church in Kenai, or Kenai residents in general, which would be germane to the assault charges under consideration; and which would prevent the Kenai members of the church from adequately representing the "community interest," whatever it might be, which defendant contends establishes members of the Russian Orthodox Church as a "cognizable group." Since Kelly offered no evidence regarding the attitudes, ideas, experiences, or beliefs of members of the group in question, we hold that Kelly's offer of proof was therefore insufficient to sustain his burden.

The judgment of the district court is AFFIRMED.